BRADFORD COUNTY BANK, and JOSEPH E. WILSON, Liquidator, v. ATLANTIC NATIONAL BANK, as Executor of the Last Will and Testament of N. T. Ritch, deceased.

153 So. 93.
Opinion Filed February 27, 1934.

*J. E. Frazee, Baxter & Clayton* and *W. B. Watson, Jr.,* for Appellant;

*Knight, Adair, Cooper & Osborne, John C. Cooper, Jr.,* and *Cyril C. Copp,* for Appellee.

Davis, C. J.—In this suit complainant, Bradford County Bank (appellant here), filed its bill of complaint against defendant, The Atlantic National Bank, as executor of the last will and testament of N. T. Ritch, deceased (appellee here), alleging that at the time of the death of one N. T. Ritch the deceased held in trust for the use and benefit of the complainant the sum of $2,285.32, which, with interest due thereon, he had failed and neglected to pay over to complainant bank prior to his death. The prayer of the bill was for an accounting and an appropriate decree for complainant based thereon to require the executor to pay over the sum claimed to be due, to complainant. Demurrer to the bill was overruled, an answer filed, and final decree for defendant was rendered on the merits of the cause as disclosed by the pleadings and testimony.

By the pleadings the issue was presented whether or not at the time of the death of Ritch, he then had and held in his hands the sum sued for, as trust moneys capable of being traced and distinguished and which had inured to the benefit of the complainant bank. The effect of the decree for defendant was to hold that the complainant had not proved its case, in consequence of which the bill was dismissed on final hearing.

A review of the evidence would subserve no useful purpose. There is a sufficient basis in it considered as a whole, to support the view that if there was not a complete discharge of all the parties to the settlement that had been had in 1925 between Sapp, Ritch and the Bradford County Bank, that by a novation of the obligations involved Ritch simply became a principal debtor to the Bradford County Bank for the amount of $2,285.32. The latter view appears to be the correct one, but whether it is or not, the

Chancellor found for the defendant against the substance of complainant's attempted proof of an enforceable trust of the character that was declared on in the pleadings and controverted on the issues here involved. That being true, the bill was properly dismissed and the final decree should be affirmed.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.